NB:TMS

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

★  FEB 03 2012  ★

- - - - - - - - - - - - - - - -X

LONG ISLAND OFFICE

UNITED STATES OF AMERICA

AFFIDAVIT IN SUPPORT OF
REMOVAL TO THE NORTHERN
DISTRICT OF FLORIDA

   - against -

LOUIS R. MAZZELLA
SCOTT F. SMITH, and
PAULA N. SMITH,

(Fed. R. Crim. P. 5(c))

**MJ-12-0122**

              Defendants.

- - - - - - - - - - - - - - - -X

EASTERN DISTRICT OF NEW YORK, SS:

DAWN MAHONEY, being duly sworn, deposes and says that she is a Deputy United States Marshal with the United States Marshals Service, duly appointed according to law and acting as such.

Upon information and belief, on January 18, 2012, arrest warrants were issued by the United States District Court for the Northern District of Florida, commanding the arrest of defendants LOUIS R. MAZZELLA and SCOTT F. SMITH for Conspiracy to Commit Mail and Bank Fraud, in violation of 18 U.S.C. §§ 1341, 1344 and 1349; Bank Fraud, in violation of 18 U.S.C. § 1344; Mail Fraud, in violation of 18 U.S.C. § 1341; and Money Laundering, in violation of 18 U.S.C. § 1956.

Upon information and belief, on January 18, 2012, an arrest warrant was issued by the United States District Court for

1

the Northern District of Florida, commanding the arrest of defendant PAULA N. SMITH, for Conspiracy to Commit Mail and Bank Fraud, in violation of 18 U.S.C. §§ 1341, 1344 and 1349; and Money Laundering, in violation of 18 U.S.C. § 1956.

The source of your deponent's information and the grounds for his belief are as follows:

1. On January 18, 2012, arrests warrants were issued by the United States District Court for the Northern District of Florida, commanding the arrest of the defendants LOUIS R. MAZZELLA and SCOTT F. SMITH, for Conspiracy to Commit Mail and Bank Fraud, in violation of 18 U.S.C. §§ 1341, 1344 and 1349; Bank Fraud, in violation of 18 U.S.C. § 1344; Mail Fraud, in violation of 18 U.S.C. § 1341; and Money Laundering, in violation of 18 U.S.C. § 1956. A copy of the indictment and arrest warrants are attached hereto.

2. Also on January 18, 2012, an arrest warrant was issued by the United States District Court for the Northern District of Florida, commanding the arrest of the defendant PAULA N. SMITH, for Conspiracy to Commit Mail and Bank Fraud, in violation of 18 U.S.C. §§ 1341, 1343 and 1349; and Money Laundering, in violation of 18 U.S.C. § 1956. The arrest warrant was issued by the Clerk of Court for the Northern District of Florida. A copy of the indictment and arrest warrant are attached hereto.

2

3.    After conversations with fellow law enforcement agents investigating the fraud alleged in the attached indictment, and USMS research using various databases, the USMS determined that SCOTT F. SMITH and PAULA N. SMITH resided at 74 Terry Road, in Patchogue.  On the morning of February 3, 2012, when Deputy U.S. Marshals knocked on the door of 74 Terry Road, a male answered the door.  When asked to identify himself, the male stated that his name was SCOTT F. SMITH.  The USMS then placed SCOTT F. SMITH under arrest.

3.    The USMS then asked Scott about the location of his wife, PAULA N. SMITH.  SCOTT F. SMITH stated that his wife was in the residence, in an upstairs bedroom.  SCOTT F. SMITH gave Deputy U.S. Marshals permission to enter the residence. Upon entering an upstairs bedroom, the USMS observed a female. When the USMS asked the woman to identify herself, the female identified herself as PAULA N. SMITH.  Members of the USMS then placed PAULA N. SMITH under arrest.

4.    Also on February 3, 2012, at the time when Deputy U.S. Marshals were executing the arrest warrants for SCOTT F. SMITH and PAULA N. SMITH, another group of Deputy U.S. Marshals arrived at the residence of LOUIS R. MAZZELLA.  The USMS confirmed through law enforcement sources that the address of MAZZELLA's residence was 1674 Church Street, in Holbrook. MAZZELLA is the brother of PAULA N. SMITH.  When members of the

3

USMS arrived at 1674 Church Street, they observed a male in a vehicle in the process of pulling out of the driveway at 1674 Church Street.

5.   Deputy U.S. Marshals then asked the male to identify himself.  When the male stated that his name was LOUIS R. MAZZELLA, members of the USMS placed MAZZELLA under arrest.

6.   It is the desire of the United States Attorney for the Northern District of Florida that the defendants LOUIS R. MAZZELLA, SCOTT F. SMITH, and PAULA N. SMITH be removed to that district for prosecution.

WHEREFORE, it is requested that the defendants LOUIS R. MAZZELLA, SCOTT F. SMITH, and PAULA N. SMITH be removed to the Northern District of Florida so that he may be dealt with according to law.

DAWN MAHONEY
Deputy United States Marshal
United States Marshals Service

Sworn to before me this
3rd day of February, 2012

THE HONORABLE GARY R. BROWN
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

4

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

UNITED STATES OF AMERICA

      VS                              SEALED CASE NO.  3:12cr9-001LAC

LOUIS R. MAZZELLA

## WARRANT FOR ARREST

      TO:   The United States Marshal
             and any Authorized United States Officer

**YOU ARE HEREBY COMMANDED** to arrest  <u>LOUIS R. MAZZELLA</u>

                                               Name

and bring him or her forthwith to the nearest magistrate to answer an

### Indictment

charging him or her with:

Count One: Conspiracy to Commit Mail and Bank Fraud
Count Two: Bank Fraud
Count Three: Mail Fraud
Court Four: Money Laundering

in violation of Title 18 United States Code, Sections 1349, 1344, 1341, and 1956

<u>Jessica J. Lyublanovits</u>
Name of Issuing Officer

<u>Deputy Clerk: Mary Malby</u>

<u>Clerk of Court</u>
Title of Issuing Officer

<u>January 18, 2012     Pensacola</u>
Date and Location

Bail fixed at $ <u>Bail Reform Act</u>
and/or in accordance with Comprehensive Crime
Control Act of 1984.

by <u>Miles Davis</u>
          Name of Judicial Officer

| RETURN | | |
|---|---|---|
| This warrant was received and executed with the arrest of the above-named defendant at _____ | | |
| | | |
| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
| DATE OF ARREST | | |

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

UNITED STATES OF AMERICA

    VS                             SEALED CASE NO.  3:12cr9-002LAC

SCOTT F. SMITH

## WARRANT FOR ARREST

TO:    The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest SCOTT F. SMITH_____

                                                           Name

and bring him or her forthwith to the nearest magistrate to answer an

## Indictment

charging him or her with:

Count One: Conspiracy to Commit Mail and Bank Fraud
Count Two: Bank Fraud
Count Three: Mail Fraud
Court Four: Money Laundering

in violation of Title 18 United States Code, Sections 1349, 1344, 1341, and 1956

| | |
|---|---|
| Jessica J. Lyublanovits | Clerk of Court |
| Name of Issuing Officer | Title of Issuing Officer |
| | January 18, 2012    Pensacola |
| Deputy Clerk Mary Maloy | Date and Location |

Bail fixed at $ Bail Reform Act
and/or in accordance with Comprehensive Crime
Control Act of 1984.

by Miles Davis_____
                    Name of Judicial Officer

| RETURN | | |
|---|---|---|
| This warrant was received and executed with the arrest of the above-named defendant at _____ | | |
| _____ | | |
| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
| DATE OF ARREST | | |

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

UNITED STATES OF AMERICA

    VS                         SEALED CASE NO.  3:12cr9-003LAC

PAULA N. SMITH

## WARRANT FOR ARREST

    TO:   The United States Marshal
            and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest   PAULA N. SMITH_____

                                           Name

and bring him or her forthwith to the nearest magistrate to answer an

## Indictment

charging him or her with:

Count One: Conspiracy to Commit Mail and Bank Fraud
Court Four: Money Laundering

in violation of Title 18 United States Code, Sections 1349 and 1956

| | |
|---|---|
| Jessica J. Lyublanovits_____ | Clerk of Court_____ |
| Name of Issuing Officer | Title of Issuing Officer |
| | |
| _____ | January 18, 2012    Pensacola_____ |
| Deputy Clerk Mary Maloy | Date and Location |

Bail fixed at $ Bail Reform Act_____
and/or in accordance with Comprehensive Crime      by Miles Davis_____
Control Act of 1984.                                  Name of Judicial Officer

| RETURN | | |
|---|---|---|
| This warrant was received and executed with the arrest of the above-named defendant at _____ | | |
| _____ | | |
| | | |
| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
| DATE OF ARREST | | |

CERTIFIED A TRUE COPY
Jessica J. Lyublanovits
By: _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.

LOUIS R. MAZZELLA,
SCOTT F. SMITH,
PAULA N. SMITH
and
JONATHON DAVID SANDERS,
a/k/a "David Sanders"

SEALED
INDICTMENT

3:12cr9-LAC

THE GRAND JURY CHARGES:

COUNT ONE

A.  INTRODUCTION

1.      Washington Mutual Bank, F.A., (hereinafter "WAMU") was a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation.

2.      CitiMortgage, Inc., (hereinafter "CitiMortgage") was a mortgage lender and a subsidiary of CitiBank, N.A., (hereinafter "CitiBank").

3.      The residence 259 May Drive, Santa Rosa Beach, Florida, (hereinafter "259 May Drive") was located in the Northern District of Florida.

4.      The residence 13 Cherry Laurel Drive, Santa Rosa Beach, Florida, (hereinafter "13 Cherry Laurel Drive") was located in the Northern District of Florida.

Returned in open court pursuant to Rule 6(f)

1-19-2012
Date

United States Magistrate Judge

5.      Defendants **SCOTT F. SMITH** and **PAULA N. SMITH** maintained a checking account ending in number 0038, and a savings account ending in number 0257 at CitiBank.  The **SMITHS** also maintained a bank account ending in number 8636 at Roslyn Savings Division (hereinafter "Roslyn Savings"), a subsidiary of New York Community Bank.

6.      On or about June 26, 2000, Franklin First Financial, Ltd., Inc., (hereinafter "Franklin First"), a New York corporation, was registered with the Florida Secretary of State, Division of Corporations, as a foreign profit corporation.  According to the registration records, Franklin First was going to engage in mortgage lending and banking in Florida.  J.V. was employed by Franklin First.

7.      On or about May 28, 2004, articles of organization were filed with the Florida Secretary of State, Division of Corporations, for JRM Investments, LLC, (hereinafter "JRM").  J.M., a/k/a S.M., was listed as the managing member of JRM.

8.      On or about April 11, 2006, Identification Solution, Inc., (hereinafter "Identification Solution") was incorporated in the state of Florida.

9.      On or about August 1, 2006, Premiere Title at Metro, LLC, d/b/a Premiere Title Agency (hereinafter "Premiere Title Agency"), was incorporated in the state of Ohio. Premiere Title Agency maintained USBank (hereinafter "USBank") bank accounts ending in numbers 6061 and 3116.

10.     On or about May 16, 2007, LOUMAZZ, INC., (hereinafter "LOUMAZZ") was incorporated in the State of New York and defendant **LOUIS R. MAZZELLA** was

2

listed as the president.   **MAZZELLA** is the brother of defendant **PAULA N. SMITH** and the brother-in-law of defendant **SCOTT F. SMITH**.   LOUMAZZ maintained a CitiBank bank account ending in number 4104.   **MAZZELLA** had sole signatory authority on this account.

11.     On or about December 31, 2007, defendant **PAULA N. SMITH** opened CitiBank bank account ending in number 4500.   **PAULA N. SMITH** had sole signatory authority on this account.

12.     On or about January 28, 2008, defendant **LOUIS R. MAZZELLA** opened CitiBank bank account ending in number 2698.   **MAZZELLA** had sole signatory authority on this account.

13.     Defendant **LOUIS R. MAZZELLA** and D.D. maintained CitiBank bank accounts ending in numbers 5450 and 5522.

14.     Defendant **JONATHON DAVID SANDERS, a/k/a DAVID SANDERS** (hereinafter "**DAVID SANDERS**"), and Y.S. maintained a Regions Bank account ending in number 7997.

15.     E.V. and J.V. maintained a Bank of America bank account ending in number 8238.

### B.   MANNER AND MEANS

It was part of the scheme to defraud that:

1.     Between on or about June 1, 2007, and October 31, 2007, defendant **PAULA N. SMITH** purchased three townhomes located in Temple Terrace, Florida.   In

3

order to finance **PAULA N. SMITH's** purchase of the townhomes, defendants **LOUIS R. MAZZELLA** and **PAULA N. SMITH** caused loan applications, which grossly overstated **PAULA N. SMITH's** monthly base employment income, to be submitted to WAMU. Thereafter, some of the proceeds from the loans were diverted to bank accounts held by **MAZZELLA, SCOTT F. SMITH** and **PAULA N. SMITH.**

2.    Subsequent thereto, between on or about October 1, 2007, and February 4, 2008, defendant **SCOTT F. SMITH** purchased two homes in Santa Rosa Beach, Florida; that is, 259 May Drive from defendant **DAVID SANDERS,** and 13 Cherry Laurel Drive from JRM.  In order to finance **SCOTT F. SMITH's** purchase of the two homes, defendants **LOUIS R. MAZZELLA** and **SCOTT F. SMITH** caused loan applications, which grossly overstated **SCOTT F. SMITH's** monthly base employment income, to be submitted to WAMU and CitiMortgage.

3.    A portion of the proceeds received by defendants **LOUIS R. MAZZELLA, SCOTT F. SMITH** and **PAULA N. SMITH** for **PAULA N. SMITH's** purchase of the three Temple Terrace townhomes was utilized when **SCOTT F. SMITH** obtained the loans to purchase the Santa Rosa Beach homes.

4.    When defendant **DAVID SANDERS** sold 259 May Drive to defendant **SCOTT F. SMITH, SANDERS** failed to disclose on the HUD-1 the outstanding loan on the property for approximately $1,200,000.  Further, **SANDERS** caused the proceeds from the loan obtained by **SCOTT F. SMITH** to purchase 259 May Drive to be diverted to E.V. and J.V.  As a result of **SANDERS's** conduct, **SANDERS** received $100,000 from

4

the loan proceeds.   Further, instead of the outstanding mortgage **SANDERS** owed on the

property being paid off, various individuals including defendants **LOUIS R.**

**MAZZELLA, SCOTT F. SMITH** and **PAULA N. SMITH** benefited financially

following a series of financial transactions.

5.   Approximately two days after the closing on 259 May Drive, a contract was

entered into for defendant **SCOTT F. SMITH** to purchase 13 Cherry Laurel from JRM.

The individual S.M., acting on behalf of JRM, executed an addendum to the HUD-1 filed

with CitiMortgage for defendant **SCOTT F. SMITH's** purchase of the residence.   As a

result of the HUD-1 addendum, a portion of the loan proceeds was diverted to E.V. and

J.V.   Thereafter, following a series of financial transactions, defendants **LOUIS R.**

**MAZZELLA, SCOTT F. SMITH** and **PAULA N. SMITH** benefited financially.

## C.   THE CHARGE

Between on or about January 1, 2007, and the date of the return of this Indictment,

in the Northern District of Florida and elsewhere, the defendants,

<b>LOUIS R. MAZZELLA,<br>
SCOTT F. SMITH,<br>
PAULA N. SMITH<br>
and<br>
JONATHON DAVID SANDERS,<br>
a/k/a "David Sanders,"</b>

did knowingly and willfully conspire, combine, confederate, and agree together and with

other persons to commit offenses against the United States, namely:

1.   to devise a scheme and artifice to defraud and to obtain money and property

by means of materially false and fraudulent pretenses, representations, and promises by the

5

use of the United States Postal Service, and by any private and commercial interstate carrier, by mailing, and causing to be delivered, some mail matter, for the purpose of executing the scheme and artifice to defraud, and to obtain money and property by materially false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1341; and

2.      to execute and attempt to execute a scheme and artifice to defraud a federally insured financial institution, that is, WAMU, and to obtain moneys owned by and under the custody and control of such financial institution, by means of materially false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344.

### D.   OVERT ACTS

**(a)      The residence located at 259 May Drive**

1.      . Between on or about June 1, 2007, and October 31, 2007, defendants **LOUIS R. MAZZELLA** and **PAULA N. SMITH** caused loan applications purportedly signed by **PAULA N. SMITH** to be submitted to WAMU for **PAULA N. SMITH** to obtain loans to purchase the townhomes located at 7467 Terrace River Drive, 7485 Terrace River Drive and 7433 Terrace River Drive located in Temple Terrace, Florida.

2.      The loan applications falsely stated that defendant **PAULA N. SMITH** had a monthly base employment income of $17,500, and that she was employed at High Definition Marble and Lemon Tree Hair Salon.

3.    Once the loans were approved, defendant **LOUIS R. MAZZELLA** directed J.A.V. to sign the mortgages and other related documents for the townhomes using defendant **PAULA N. SMITH's** name. **MAZZELLA** directed notary D.M.D. to notarize the documents falsely attesting that **PAULA N. SMITH** had signed the documents in D.M.D.'s presence.

4.    Between on or about June 1, 2007, and October 31, 2007, defendant **LOUIS R. MAZZELLA** received approximately $200,000 as a result of defendant **PAULA N. SMITH's** purchase of the three Temple Terrace townhomes. Thereafter, **MAZZELLA** caused approximately $77,000 of this money to be deposited into various bank accounts held by defendants **SCOTT F. SMITH** and **PAULA N. SMITH.**

5.    On or about October 17, 2007, defendant **SCOTT F. SMITH** caused a contract purportedly signed by him to be executed to purchase the residence located at 259 May Drive. The contract purchase price for the residence was $1,862,000. A total of $465,500 was to be paid as earnest money deposit (hereinafter "EMD") by **SCOTT F. SMITH** and $1,396,500 was to be financed.

6.    On or about October 22, 2007, a $70,000 check issued on LOUMAZZ's CitiBank bank account ending in number 4104 made payable to defendant **PAULA N. SMITH** was deposited into defendant **SCOTT F. SMITH** and **PAULA N. SMITH's** CitiBank bank account ending in number 0038.

7.    On or about October 22, 2007, a representative of CitiBank signed a verification of deposit certifying that defendants **SCOTT F. SMITH** and **PAULA N.**

SMITH's checking account ending in number 0038 had a balance of approximately $110,617, and that the SMITH's savings account ending in number 0257 had a balance of approximately $39,648.  The verification of deposit was later submitted to WAMU.

8.    On or about October 24, 2007, a letter was submitted to WAMU on Premiere Title Agency letterhead, which stated that Premiere Title Agency had "received deposits totaling $465,500.00 from Scott Smith for purchase of 259 May Drive, Santa Rosa Beach, Florida."

9.    On or about November 5, 2007, defendant PAULA N. SMITH issued a $20,000 check on defendant SCOTT F. SMITH and PAULA N. SMITH's CitiBank bank account ending in number 0038 made payable to LOUMAZZ.   The check was later deposited into LOUMAZZ's CitiBank bank account ending in number 4104.

10.    On or about November 6, 2007, defendant PAULA N. SMITH issued two $50,000 checks on defendant SCOTT F. SMITH and PAULA N. SMITH's CitiBank bank account ending in number 0038 made payable to D.D.

11.    On or about November 7, 2007, an appraisal was obtained for 259 May Drive.   The appraisal required a physical inspection of the property.

12.    On or about November 14, 2007, defendants LOUIS R. MAZZELLA and SCOTT F. SMITH caused a loan application purportedly signed by SCOTT F. SMITH to be submitted to WAMU for a loan in the amount of $1,396,500, to fund the purchase of 259 May Drive.

13.     The loan application falsely stated that **SCOTT F. SMITH** had a monthly base employment income of $36,000, was employed as the vice president of "Identification Solutions," and that **SCOTT F. SMITH** planned to use 259 May Drive as a primary residence.

14.     On or about November 14, 2007, defendants **LOUIS R. MAZZELLA** and **SCOTT F. SMITH** caused a HUD-1, purportedly signed by **SCOTT F. SMITH** and defendant **DAVID SANDERS**, as the seller, to be submitted to WAMU for **SCOTT F. SMITH's** purchase of 259 May Drive.

15.     According to the HUD-1, defendant **SCOTT F. SMITH** provided $475,860.80 as EMD towards the purchase of the property. The HUD-1 did not disclose the outstanding loan of approximately $1,200,000 owed by defendant **DAVID SANDERS** on 259 May Drive. At the closing of the loan, $1,260,704.08 was to be disbursed to **SANDERS**.

16.     On or about November 14, 2007, defendant **LOUIS R. MAZZELLA** signed a mortgage and other related documents for 259 May Drive using defendant **SCOTT F. SMITH's** name. **MAZZELLA** directed notary D.M.D. to notarize the documents falsely attesting that **SCOTT F. SMITH** had signed the documents in D.M.D.'s presence.

17.     On or about November 14, 2007, $1,421,819.08 was wired from an account at WAMU to Premiere Title Agency's USBank bank account ending in number 3116.

18. On or about November 14, 2007, defendant **DAVID SANDERS** executed an addendum to the 259 May Drive HUD-1 directing that his money be disbursed to E.V. and J.V.

19. Between on or about November 14, 2007, and January 30, 2008, as a result of the 259 May Drive HUD-1 addendum, ten wire transfers totaling approximately $1,259,887 were transmitted from Premiere Title Agency's USBank bank account ending in number 3116 to E.V. and J.V's Bank of America bank account ending in number 8238.

20. On or about November 15, 2007, $100,000 was wired from E.V. and J.V.'s Bank of America bank account ending in number 8238 to defendant **DAVID SANDERS'** and Y.S.'s Regions Bank bank account ending in number 7997.

21. Defendant **DAVID SANDERS** did not utilize any of the WAMU loan proceeds to pay off the mortgage due and owing by **SANDERS** on 259 May Drive.

22. On or about November 15, 2007, J.V. caused a $156,900 cashier's check to be issued from E.V. and J.V.'s Bank of America bank account ending in number 8238. The cashier's check was made payable to defendant **LOUIS R. MAZZELLA** and was deposited into **MAZZELLA** and D.D.'s CitiBank bank account ending in number 5522.

23. On or about November 15, 2007, J.V. caused a $50,000 cashier's check to be issued from E.V. and J.V.'s Bank of America bank account ending in number 8238. The cashier's check was made payable to defendant **PAULA N. SMITH** and deposited into defendant **SCOTT F. SMITH** and **PAULA N. SMITH's** CitiBank bank account ending in number 0257.

24.     On or about November 16, 2007, $31,421.25 was wired from Premiere Title Agency's USBank bank account ending in number 3116 to Franklin First's bank account.

25.     On or about January 25, 2008, defendants **LOUIS R. MAZZELLA** and **SCOTT F. SMITH** caused a mortgage and warranty deed for 259 May Drive to be mailed to the Clerk of the Court, Walton County, Florida.  Once the mortgage and warranty deed were filed by the Clerk of Court, the original documents were returned to Premiere Title Agency in Dublin, Ohio.  A copy of the documents was also mailed to WAMU in Florence, South Carolina.

26.     On or about May 5, 2010, defendant **DAVID SANDERS** stated under oath that he did not receive any proceeds from his sale of 259 May Drive.

27.     On or about June 9, 2010, defendant **PAULA N. SMITH** admitted under oath that she and defendant **SCOTT F. SMITH** purchased the three Terrace River Drive townhomes, 259 May Drive and 13 Cherry Laurel Drive.

28.     On or about October 20, 2010, defendant **SCOTT F. SMITH** stated under oath that he signed the loan application, HUD-1 and mortgage documents for his purchase of 259 May Drive.  **SCOTT F. SMITH** further stated under oath that neither he or defendant **PAULA N. SMITH** received any money or payments as a result of his purchase of 259 May Drive.

**(b)    The residence located at 13 Cherry Laurel Drive**

1.     On or about November 16, 2007, defendant **SCOTT F. SMITH** caused a contract purportedly signed by him to be executed to purchase the residence located at 13

11

Cherry Laurel Drive. The contract purchase price for the residence was $1,316,000. A total of $263,200 was to be paid as EMD by **SCOTT F. SMITH** and $1,052,800 was to be financed.

2.    On or about November 22, 2007, a representative of CitiBank signed a verification of deposit certifying that defendants **SCOTT F. SMITH** and **PAULA N. SMITH's** bank accounts had the same balances as those identified in paragraph D(a)7. The verification of deposit was later submitted to CitiMortgage.

3.    On or about December 11, 2007, an appraisal was obtained for 13 Cherry Laurel Drive. The appraisal required a physical inspection of the property.

4.    On or about December 14, 2007, defendants **LOUIS R. MAZZELLA** and **SCOTT F. SMITH** caused a letter to be faxed to Franklin First. The letter falsely stated that "Scott Smith is the Vice President of sales for the entire Eastern division and is salaried plus commissions. Mr. Scott Smith is responsible for more than half of Identification Solutions revenue."

5.    On or about December 18, 2007, defendants **LOUIS R. MAZZELLA** and **SCOTT F. SMITH** caused a loan application purportedly signed by **SCOTT F. SMITH** to be submitted to CitiMortgage for a loan in the amount of $1,040,000 to fund the purchase of 13 Cherry Laurel Drive.

6.    The loan application falsely stated that defendant **SCOTT F. SMITH** had a monthly base employment income of $36,000, was employed as the vice president of

"Identification Solutions" and that **SCOTT F. SMITH** planned to use 13 Cherry Laurel Drive as a primary residence.

7.    The application did not disclose defendant **SCOTT F. SMITH's** purchase of 259 May Drive approximately one month earlier.

8.    On or about December 18, 2007, defendants **LOUIS R. MAZZELLA** and **SCOTT F. SMITH** caused a HUD-1 purportedly signed by **SCOTT F. SMITH** and S.M. of JRM, as the seller, to be submitted to CitiMortgage for **SCOTT F. SMITH's** purchase of 13 Cherry Laurel Drive.

9.    According to the HUD-1, defendant **SCOTT F. SMITH** had provided $263,200 as EMD towards the purchase of the property.   At the closing of the loan, $260,710.43 was to be disbursed to JRM.

10.    On or about December 18, 2007, defendant **LOUIS R. MAZZELLA** signed a mortgage and other related documents for 13 Cherry Laurel Drive using defendant **SCOTT F. SMITH's** name.   **MAZZELLA** directed notary D.M.D. to notarize the documents falsely attesting that **SCOTT F. SMITH** had signed the documents in D.M.D.'s presence.

11.    On or about December 18, 2007, $1,039,413.96 was wired from CitiMortgage's bank account to Premiere Title Agency's USBank bank account number ending in number 6061.

13

12.     On or about December 18, 2007, S.M. of JRM executed an addendum to the 13 Cherry Laurel Drive HUD-1 directing that a portion of JRM's money be disbursed to J.V.

13.     Thereafter, as a result of the 13 Cherry Laurel Drive HUD-1 addendum, $220,000 was wired from Premiere Title Agency's USBank account ending in 6061 to E.V. and J.V's Bank of America bank account ending in number 8238.

14.     On or about December 18, 2007, J.V. caused a $146,000 cashier's check, to be issued from E.V. and J.V.'s Bank of America bank account ending in number 8238. The cashier's check was made payable to defendant **PAULA N. SMITH** and was deposited into defendant **SCOTT F. SMITH** and **PAULA N. SMITH's** CitiBank bank account ending in number 0038.   This disbursement was not disclosed to CitiMortgage.

15.     On or about December 19, 2007, $40,710.43 was wired from Premiere Title Agency's USBank account ending in number 6061 into JRM's bank account.

16.     On or about December 20, 2007, $3,025.50 was wired from Premiere Title Agency's USBank account ending in number 6061 to E.V. and J.V.'s Bank of America bank account ending in number 8238.

17.     On or about December 22, 2007, defendant **PAULA N. SMITH** issued a check for $20,657 from defendant **SCOTT F. SMITH** and **PAULA N. SMITH's** CitiBank account ending in number 0038.   Thereafter, the check was deposited into **SCOTT F. SMITH** and **PAULA N. SMITH's** Roslyn Savings account ending in number 8636.

14

18.    On or about December 31, 2007, a total of approximately $243,824.54 was withdrawn from defendant **SCOTT F. SMITH** and **PAULA N. SMITH's** CitiBank bank accounts ending in numbers 0038 and 0257.   The funds were then deposited into defendant **PAULA N. SMITH's** CitiBank bank account ending in number 4500.

19.    On or about January 2, 2008, $100,000 was transferred from defendant **LOUIS R. MAZZELLA** and D.D.'s CitiBank bank account ending in number 5450 to defendant **PAULA N. SMITH's** CitiBank bank account ending in number 4500.

20.    On or about January 28, 2008, $341,699.43 was withdrawn from defendant **PAULA N. SMITH's** CitiBank bank account ending in number 4500.   Thereafter, the money was deposited into defendant **LOUIS R. MAZZELLA's** CitiBank bank account ending in number 2698.

21.    On or about January 28, 2008, $15,999.70 was withdrawn from defendant **PAULA N. SMITH's** CitiBank bank account ending in number 0038.   Thereafter, the money was deposited into LOUMAZZ' CitiBank bank account ending in number 4104.

22.    On or about February 4, 2008, defendants **LOUIS R. MAZZELLA** and **SCOTT F. SMITH** caused a mortgage and warranty deed for 13 Cherry Laurel Drive to be mailed to the Clerk of the Court, Walton County, Florida.   Once the mortgage and warranty deed were filed by the Clerk of Court, the original documents were returned to Premiere Title Agency in Dublin, Ohio.   A copy of the documents was also mailed to CitiMortgage in St. Louis, Missouri.

23.    On or about October 27, 2009, a final judgment of foreclosure was filed with the Clerk of the Court, Walton County, Florida for the residence located at 13 Cherry Laurel Drive.

All in violation of Title 18, United States Code, Section 1349.

## COUNT TWO

### A. INTRODUCTION

The allegations contained in paragraphs A1 through A15, B1 through B5 and D(a)1 through D(a)28 of Count One are incorporated by reference as if fully set forth herein.

### B. THE CHARGE

Between on or about January 1, 2007, and the date of the return of this Indictment, in the Northern District of Florida and elsewhere, the defendants,

**LOUIS R. MAZZELLA,**
**SCOTT F. SMITH**
**and**
**JONATHON DAVID SANDERS,**
**a/k/a "David Sanders,"**

did knowingly and willfully execute and attempt to execute a scheme and artifice to defraud a federally insured financial institution, that is, WAMU, and to obtain moneys owned by and under the custody and control of such financial institution, by means of materially false and fraudulent pretenses, representations and promises, as described in paragraphs D(a)1 through D(a)28 of Count One.

In violation of Title 18, United States Code, Sections 1344 and 2.

16

## COUNT THREE

### A.   INTRODUCTION

The allegations contained in paragraphs A1 through A15, B1 through B5 and D(b)1 through D(b)23 of Count One are incorporated by reference as if fully set forth herein.

### B.   THE CHARGE

On or about February 4, 2008, in the Northern District of Florida and elsewhere, the defendants,

**LOUIS R. MAZZELLA
and
SCOTT F. SMITH,**

did knowingly, willfully, and with intent to defraud, devise and intend to devise a scheme and artifice for obtaining money by means of false and fraudulent pretenses, representations, and promises related to a material fact, and for the purpose of executing and in order to effect the scheme and artifice to obtain money, did cause to be sent, delivered, and moved by the United States Postal Service, and by any private and commercial interstate carrier, CitiMortgage mortgage documents reflecting the obligation of **SCOTT F. SMITH** to repay the loan used to purchase the 13 Cherry Laurel Drive.

In violation of Title 18, United States Code, Sections 1341 and 2.

17

## COUNT FOUR

### A. INTRODUCTION

The allegations contained in paragraphs A1 through A15, B1 through B15, and D(a)1 through D(b)23 of Count One are incorporated by reference as if fully set forth herein.

### B. THE CHARGE

Between on or about January 1, 2007, and the date of the return of this Indictment, in the Northern District of Florida and elsewhere, the defendants,

**LOUIS R. MAZZELLA,**
**SCOTT F. SMITH,**
**PAULA N. SMITH**
**and**
**JONATHON DAVID SANDERS,**
**a/k/a "David Sanders,"**

did knowingly combine, conspire, confederate, and agree together and with other persons to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, that is, the interstate transfer of monetary instruments in the form of United States currency between financial institutions, which funds were, in fact, derived from a specified unlawful activity, that is, mail fraud, in violation of Title 18, United States Code, Section 1341, and bank fraud, in violation of Title 18, United States Code, Section 1344, with the intent to promote the carrying on of these specified unlawful activities as charged in this Indictment and to conceal and disguise the nature, location, source, ownership, and control of the proceeds of these specified unlawful activities as charged in this Indictment, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and (B)(i).

18

All in violation of Title 18, United States Code, Section 1956(h).

## CRIMINAL FORFEITURE

The allegations contained in Counts One through Four of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures to the United States pursuant to the provisions of Title 18, United States Code, Sections 982(a)(1) and 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

Upon the conviction on the violations alleged in Counts One through Four of this Indictment, the defendants,

**LOUIS R. MAZZELLA,**
**SCOTT F. SMITH,**
**PAULA N. SMITH**
**and**
**JONATHON DAVID SANDERS,**
**a/k/a "David Sanders,"**

shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 982(a)(1)(C) and 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any and all property, real or personal, involved in the aforementioned offenses and all property traceable to such property as a result of such violations.

If any of the property described above as being subject to forfeiture pursuant to Counts One through Four of the Indictment, as a result of any act or omission of any defendant:

    i.     cannot be located upon the exercise of due diligence;

    ii.    has been transferred or sold to, or deposited with, a third person;

    iii.   has been placed beyond the jurisdiction of this Court;

    iv.     has been substantially diminished in value; or

    v.     has been commingled with other property that cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property up to the value of the property subject to forfeiture under the provisions of Title 21, United States Code, Section 853(p), which is incorporated by reference in Title 18, United States Code, Sections 982 and 981, and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

FOREPERSON

1 - 17 - 2012
DATE

PAMELA C. MARSH
United States Attorney

TIFFANY H. EGGERS
Assistant United States Attorney

20